# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-90V
Filed: July 25, 2019

* * * * * * * * * * * * *
JAMES MOORE,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.
* * * * * * * * * * * * *

Dismissal; Hepatitis B ("Hep B") Vaccine; Neuropathy

**REISSUED FOR PUBLICATION**
**AUGUST 20, 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

*Pro se*, Tamarac, FL, for petitioner.
*Jennifer Reynaud, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION[1]

**Roth,** Special Master:

    On January 29, 2015, petitioner[2] filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[3] alleging that the hepatitis B ("Hep B") vaccines he received on October 3, 2012 and December 7, 2012 caused him to develop post-vaccinal neuropathy. The information in the record, however, does not show entitlement to an

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] Petitioner was originally represented by Ms. Lisa Levine but Ms. Levine was relieved as counsel on May 23, 2019 and petitioner became pro se.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

award under the Program. On July 24, 2019, petitioner filed a letter with the Court requesting that his case be dismissed. ECF No. 80.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

The Clerk's Office is directed to send this Order to Mr. Moore at the following address via certified and regular mail.

**James Moore**
**8630 Banyan Court**
**Tamarac, FL 33321**

**IT IS SO ORDERED.**

DATE: 7/25/19

Mindy Michaels Roth
Special Master